Sept. 1840

Lane
v.
Clark.

---

## LANE *vs.* CLARK.

Proceedings in Chancery will not be restrained by injunction issuing out of Chancery upon a new bill, whether filed by a party, privy, or stranger to the original suit.

THIS bill was filed to set aside a contract for the purchase of lands. The complainant purchased the defendant's farm; and after paying him a certain sum of money, executed to him a bond and mortgage for the balance of the purchase money. This bond and mortgage was foreclosed in this court, and the complainant, the mortgagor, now seeks to set aside the whole contract, on the ground of fraudulent misrepresentations in relation to the character of the land; and prays an injunction to restrain the proceedings in this court on the foreclosure of the mortgage. An order to show cause why an injunction should not be granted, was made, and cause is shown by answer and affidavits.

Sept. 1840.

Lane
v.
Clark.

*A. Thomas*, for complainant.

*H. D. Tucker*, for defendant.

THE VICE CHANCELLOR. From the examination I have been able to give to the complainant's case, I doubt whether he has made out a sufficient case to entitle him to the relief he asks by his bill. It is certainly not sufficient if the defendant's answer is to be received. Such, at any rate, is my opinion upon the merits of the complainant's case as it at present appears. But whatever may be the view taken of the merits, there is a difficulty in allowing the injunction in this cause upon original bill, upon another ground. The agreement for the sale of the land was perfected by the execution of a deed, and a bond and mortgage to secure the purchase money. The purchaser remained quietly in possession. The bond and mortgage is foreclosed in this court. The bill asks for an injunction to restrain the proceedings upon such foreclosure.

This the court will not grant. Proceedings in this court will not be restrained by injunction issuing out of this court upon a new bill, whether filed by a party, privy, or stranger to the old bill. The only mode is to apply by petition for an order. The injunction must be refused, with costs to be taxed.[a]

(a) See last preceding case, Smith vs. The American Life Insurance and Trust Company, to the same point.